IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


MARCUS LEON RUSSELL                                                PLAINTIFF


            v.                      Civil No. 11-2242


SHERIFF JIMMY DORNEY, JOHNSON
COUNTY, ARKANSAS; and TROOPER
GEORGE SUMMERLINE                                                  DEFENDANTS


### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights case brought by the Plaintiff, Marcus Leon Russell.  Plaintiff proceeds

*pro se* and *in forma pauperis.*

Pending before me are two motions to dismiss filed by the Defendants (Doc. 12 & Doc. 17).

Plaintiff has not responded to either motion.

### 1.  Background

According to the allegations of the complaint, on December 12, 2010, Plaintiff, an over-the-

road truck driver, was involved in an accident.  He ran off the road causing his cargo to spill out of

the trailer.  Plaintiff indicates he was able to get his truck far enough to the side of the road that

traffic could pass.  Plaintiff states he was dazed and confused.  Trooper Summerline arrived at the

scene, and in Plaintiff's opinion, began acting in a very unprofessional manner.

Plaintiff alleges he told Trooper Summerline that he had a medical condition that required

him to take medicine at specific times.  Plaintiff was taken into custody and transported to the

Johnson County Sheriff's Office without receiving any medical attention.  He was charged with

Driving While Intoxicated (DWI), violation of the Implied Consent Law, and careless driving.

On December 13th, Plaintiff alleges a member of the Johnson County Sheriff's Office violated his privacy rights under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) by posting his medical condition on a board outside his cell door where it could be seen by every inmate who went by.

Plaintiff also states he missed a dose of medication on December 13th, received no medical assistance, and remained in his cell for twenty-four hours without removal for recreation.  Plaintiff alleges he was housed close to four days under these conditions.

On March 28th, Plaintiff alleges that during a bench trial Trooper Summerline again violated HIPAA by disclosing Plaintiff's medical condition during his sworn testimony.  As his commercial driver's license was taken at the time of his arrest, Plaintiff states he was unable to work as a truck driver.  Finally, on July 22, 2011, Plaintiff alleges all charges against him were dismissed.

As a result of Defendants' carelessness, Plaintiff states he suffered psychological problems, emotional distress, and mental anguish.  As relief, he seeks monetary damages in the amount of 1.5 million dollars.

## 2.  Applicable Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'"  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal,* ___ U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on

the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129 S. Ct. at

1949.  The standard does "not impose a probability requirement at the pleading stage; it simply calls

for enough fact to raise a reasonable expectation," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127

S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007), or reasonable inference, that the "defendant is liable

for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  *See Twombly*, 127 S. Ct. at 1965 ("And, of

course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of

those facts is improbable, and that a recovery is very remote and unlikely.")(quotation marks and

citation omitted).  *See also Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004)(While pro se

complaints are liberally construed, they must allege sufficient facts to support the claims.).

"Several principles guide us in determining whether a complaint meets [the plausibility]

standard.  First, the court must take the plaintiff's factual allegations as true.  This tenet does not

apply, however, to legal conclusions or formulaic recitation of the elements of a cause of action; such

allegations may properly be set aside." *Braden*, 588 F.3d at 594 (citation omitted).  Additionally,

"some factual allegations may be so indeterminate that they require further factual enhancement in

order to state a claim." *Braden*, 588 F.3d at 594 (quotation marks and citation omitted).  "When

there are well-pleaded factual allegations, a court should assume their veracity and then determine

whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

"Second, only a complaint that states a plausible claim for relief survives a motion to

dismiss." *Iqbal*, 129 S. Ct. at 1950 (citation omitted).  In determining whether the well-pleaded, non-

conclusory, factual allegations would give rise to a plausible claim, the "complaint should be read

as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible."

*Braden*, 588 F.3d at 594.  The "evaluation of a complaint upon a motion to dismiss is 'a context-

specific task that requires the reviewing court to draw on its judicial experience and common sense.'"

*Id.* (*quoting Iqbal*, 129 S. Ct. at 1950).

### 3.  Discussion

First, Defendants maintain there is no private of action under HIPAA.  I agree.  "HIPAA does

not create a private right of action."  *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010).

Second, with respect to Sheriff Dorney, they contend there is no basis on which he may be

held liable.  Plaintiff has not alleged that he had any personal interaction with the Sheriff or that the

Sheriff was personally involved in any decisions regarding Plaintiff's housing or when he was

allowed to take recreation.  There is nothing to suggest the Sheriff posted the sign outside Plaintiff's

cell, knew about the sign, directed that the sign be posted, or had any involvement in the posting of

this sign.  In short, there is nothing to suggest a basis on which Sheriff Dorney may personally be

held liable.

Official capacity claims are the equivalent of a suit against Johnson County.  *See e.g.,*

*Grayson v. Ross*, 454 F.3d 802, 810 (8th Cir. 2006).  "'[A governmental entity] may be held liable

for the unconstitutional acts of its officials or employees when those acts implement or execute an

unconstitutional . . . policy or custom.'"  *Reasonover v. St. Louis County*, 447 F.3d 569, 582 (8th Cir.

2006) (*quoting Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999)).  *See also Monell v. Dep't*

*of Social Services*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  "To establish

liability, [the plaintiff] must prove a . . . custom or policy was the moving force behind the

constitutional violation."  *Reasonover*, 447 F.3d at 583.  "A supervisor is not vicariously liable under

[§ 1983] for an employee's unconstitutional activity."  *White v. Holmes*, 21 F.3d 277, 280 (8th Cir.

1994).  *See also Fruit v. Norris*, 905 F.2d 1147, 1151 (8th Cir. 1990)(supervisors are not liable for

claims brought under § 1983 on respondeat superior theory; supervisors must be personally involved in, deliberately indifferent to, or tacitly authorize constitutional violation).  In this case, Plaintiff has not alleged the existence of any jail policy or custom was the moving force behind the alleged violation of his constitutional rights.

Finally, Plaintiff's general complaints about a missed dose of medication and not being allowed out of his cell for recreation over a four day period state no claim of constitutional dimension.   To be unconstitutional Plaintiff must establish that the deprivation of which he complains was sufficiently serious as an objective matter to deny him the minimal civilized measure of life's necessities and that the prison officials acted with deliberate indifference.  *Christian v. Wagner*, 623 F.3d 608, 613 (8th Cir. 2010).  Clearly, Plaintiff's allegations do not rise to this level.

### 4.  Conclusion

For the reasons stated, I recommend that the motions to dismiss (Doc. 12 & Doc. 17) be granted and this case be dismissed in its entirety.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of March 2012.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE